**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **Y.M.P.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-01058-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **Warden, STEWART DETENTION CENTER,**[1] | : | |
| | : | |
| **Respondent.** | : | |

## ORDER AND RECOMMENDATION

Before the Court is Petitioner Y.M.P.'s application for a writ of habeas relief pursuant to 28 U.S.C. § 2241 (Doc. 1) as well as Respondent's Motion to Dismiss (Doc. 4). For the following reasons it is RECOMMENDED that Petitioner's application for habeas relief (Doc. 1) be DENIED and Respondent's Motion to Dismiss (Doc. 5) be GRANTED.[2]

## BACKGROUND

Petitioner is a native and citizen of Cuba. (Doc. 4-1 at ¶ 4). On July 23, 2011, Petitioner applied for admission to the United States in Brownsville, Texas, and Immigration and Customs Enforcement/Enforcement Removal Operations ("ICE/ERO") issued Petitioner a Notice to Appear

[1] [T]he default rule [for claims under 28 U.S.C. § 2241] is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Clerk's office is **DIRECTED** to change the docket to reflect the Warden of Stewart Detention Center as the sole appropriately named respondent in this action.

[2] Petitioner also filed a Motion for Evidentiary Hearing (Doc. 8) and Motion to Appoint Counsel (Doc. 9). Petitioner's Motions (Doc. 8; Doc. 9) are **TERMINATED** as moot.

("NTA") alleging Petitioner is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I).[3] *Id.* at ¶ 5; *see also* (Doc. 4-2). ICE/ERO subsequently paroled Petitioner into the United States the same day. (Doc. 4-1 at ¶ 5). On July 2, 2018, United States Citizenship and Immigration Services ("USCIS") denied Petitioner's first Application to Register Permanent Residence or Adjust Status. *Id.* at ¶ 6. On August 20, 2019, USCIS denied Petitioner's second Application to Register Permanent Residence or Adjust Status. *Id.* at ¶ 7. On December 20, 2025, ICE/ERO encountered Petitioner again in the Pinellas County Jail in Clearwater, Florida, after Petitioner was allegedly arrested for battery.[4] *Id.* at ¶ 8.

On January 10, 2026, ICE/ERO took Petitioner into custody. *Id.* at ¶ 9. On March 19, 2026, ICE/ERO issued Petitioner another NTA, alleging Petitioner is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I)[5] as well as 8 U.S.C. § 1182(a)(6)(A)(i).[6] (Doc. 4-4); *see also* (Doc. 4-1 at ¶ 10). Petitioner's March 2026 NTA also describes him as "an alien present in the United States who has not been admitted or paroled." (Doc. 4-4). On April 13, 2026, ICE/ERO issued an amendment to Petitioner's March 2026 NTA. (Doc. 4-5); *see also* (Doc. 4-1 at ¶ 12). Petitioner's amended

---

[3] 8 U.S.C. § 1182(a)(7)(A)(i)(I) provides:

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title. . .is inadmissible.

8 U.S.C. § 1182(a)(7)(A)(i)(I).

[4] Respondents do not present any arrest reports or certified copies of conviction to support Petitioner's arrest or conviction for battery.

[5] *See supra* at note 3.

[6] 8 U.S.C. § 1182(a)(6)(A)(i) provides: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).

NTA removes 8 U.S.C. § 1182(a)(6)(A)(i) as a legal basis for removal, leaving 8 U.S.C. § 1182(a)(7)(A)(i)(I) as the sole legal authority. (Doc. 4-5). Petitioner's April 2026 Amended NTA also changes the description of Petitioner back to an "arriving alien." *Id.*; *cf.* (Doc.4-2).

Between April 2026 and June 2026, Petitioner appeared for multiple hearings before an Immigration Judge ("IJ"). (Doc. 4-1 ¶¶ 12-16). On June 18, 2026, Petitioner filed a Motion to Terminate Removal Proceedings. (Doc. 4-1 at ¶ 15). On June 25, 2026, an IJ denied Petitioner's Motion to Terminate Removal Proceedings and ordered Petitioner's removal to Cuba. (Doc. 4-6); *see also* (Doc. 4-1 at ¶ 16). Petitioner reserved the right to appeal the IJ's removal order with an appeal deadline of July 27, 2026. (Doc. 4-6 at 4); *see also* (Doc. 4-1 at ¶ 15). On July 20, 2026, ICE/ERO was informed that Cuba had denied Petitioner's repatriation. (Doc. 4-1 at ¶ 17). Petitioner never filed an appeal to the IJ's removal order. (Doc. 4-1 at ¶ 18). While there is no record showing that Respondent issued or served Petitioner with a Notice of Removal for third-country removal, "ICE/ERO is actively working to remove Petitioner from the United States and is currently seeking to identify a viable third-country removal option for his removal." (Doc. 4-1 at ¶ 19).

Petitioner filed his habeas application on July 31, 2026. (Doc. 1). Petitioner claims his detention is wrongful, without merit, and in violation of the Fifth Amendment Due Process Clause. *Id*. at ¶ 6. Petitioner asserts two express grounds. In Ground One, Petitioner states that Cuba has refused his repatriation. *Id*. at ¶ 13. In Ground Two, Petitioner states that third-country removal is illegal. *Id*. On August 24, 2026, Respondent filed his Motion to Dismiss. (Doc. 4). Respondents combat Petitioner's habeas application by arguing Petitioner's claim is premature because he fails to meet the *Zadvydas* prong one six (6) month time period between the time his removal order became final and the time he field his habeas Petition. *Id*. at 2-4 (*citing Zadvydas v. Davis*, 533

U.S. 678 (2001).[7] On October 9, 2026, Petitioner filed a Brief in Support of his Petition. (Doc. 11). Petitioner further argues his removal to a third-country is not legal. *Id*.

## DISCUSSION

Petitioner claims that he is entitled to release under *Zadvydas* because he has been detained longer than the presumptively reasonable six-month period and his removal is not likely in the reasonably foreseeable future. Petitioner has failed to show, however, that he had been detained for longer than six months as of the date of Petitioner's filing. Consequently, Petitioner's Section 2241 Petition should be denied.

While Respondent does not raise jurisdictional arguments in his Response, the Court begins its legal analysis with a jurisdiction determination, since habeas courts have limited subject matter jurisdiction on immigration matters. *See Mahdawi v. Trump*, 183 F.4th 103, 115 (2d Cir. 2026) (outlining that 8 U.S.C. § 1252(b)(9) was amended in 2005 to include a zipper clause providing that, unless otherwise stated in Section 1252, no habeas jurisdiction exists to review a final order of removal or questions of law and fact arising from any action taken or proceeding brought to remove an alien from the United States).

### I. Jurisdiction

Jurisdiction exists to review post-final order prolonged detention claims under 8 U.S.C. § 1231 and *Zadvydas*. 8 U.S.C. § 1231; *see also Zadvydas*, 533 U.S. 678. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."

[7] *See* infra at 4-7 (explaining that, under *Zadvydas v. Davis*, 533 U.S. 678 and 8 U.S.C. § 1231, a post final order of removal immigrant must show both a six month time frame between the time his detention began and the time of filing a habeas application as well as evidence that there is no significant likelihood of removal in the reasonably foreseeable future to have a valid claim).

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In other words, this Court may only hear a case over which it has subject matter jurisdiction. *See id*. There are generally three ways a party may establish subject matter jurisdiction in federal court: "(1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332." *Hallett v. Ohio*, 711 F. App'x 949, 950 (11th Cir. 2017) (per curiam) (citation omitted). "[T]he party invoking the court's jurisdiction bears the burden of proving the existence of federal jurisdiction," and if "the district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits and should dismiss the complaint. . ." *Id*.

The Immigration and Nationality Act ("INA"), at 8 U.S.C. § 1252(a)(2)(B), provides for the judicial review of orders of removal. Section 1252(a)(2)(B)(ii) states that

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

Similarly, 8 U.S.C. § 1252(g) provides:

> except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter

8 U.S.C. § 1252(g).

Section 1252(g) is "narrow[ly] read[]" so that it blocks courts from exercising jurisdiction over only "three discrete actions[: the] 'decision or action' to '*commence* proceedings, *adjudicate* cases,

or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 487 (1999) (quoting Section 1252(g)). The Supreme Court has held that jurisdiction exists to review post-final order prolonged detention claims in habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678. This Court has previously reviewed such claims as well. *See M.M., Petitioner, v. Warden, Stewart Det. Ctr, et al., Respondents., No. 4:26-CV-107-CDL-AGH, 2026 WL 2321598 (M.D. Ga. Aug. 11, 2026),* report and recommendation adopted sub nom. *M.M. v. Warden, Stewart Det. Ctr., No. 4:26-CV-107-CDL-AGH, 2026 WL 2659548 (M.D. Ga. Sept. 9, 2026); J.A.S. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-244-CDL-CHW, 2025 WL 3777151 (M.D. Ga. Oct. 14, 2025), report and recommendation adopted, No. 4:25-CV-244 (CDL), 2025 WL 3776726 (M.D. Ga. Dec. 31, 2025); *see also Y.R.V. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-333-CDL-CHW, 2026 WL 1073835 (M.D. Ga. Feb. 23, 2026), report and recommendation adopted, No. 4:25-CV-333 (CDL), 2026 WL 1072997 (M.D. Ga. Apr. 20, 2026). Accordingly, jurisdiction exists to review Petitioner's post-final order prolonged detention claim under 8 U.S.C. § 1231 and *Zadvydas*.[8]

**II. Post-Final Order Prolonged Detention**

Generally, ". . . the Attorney General shall remove the alien from the United States within a period of 90 days" after an alien is ordered removed. 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period starts on the latest of the following:

(i) The date the order of removal becomes administratively final.

---

[8] Throughout his pleadings, Petitioner argues that his third-country removal is not legal. *See* (Doc. 1 at ¶ 13); *see also* (Doc. 11). There is no jurisdiction to review Petitioner's third-country removal. Congress has expressly provided the Attorney General with discretion to determine the removal location. 8 U.S.C. § 1231(b)(1)(C)(iv); *see also* 8 U.S.C. § 1231(b)(2)(E)(vii). While the record is absent of a Notice of Removal to a third-country, Petitioner carries the burden to assert any fear of removal claim for third-country removal within the removal proceedings, pursuant to 8 U.S.C. § 1231(c). *See* 8 U.S.C. § 1231(c). The Court need not address Petitioner's third-country removal claims because Petitioner's claims clearly do not meet the first prong of *Zadvydas*. *See* 533 U.S. 678. As discussed infra, Petitioner is not prohibited from filing a subsequent petition, but case law indicates no alternative to dismissing his current petition as premature.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of an alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id*. at 1231(a)(1)(B)(i)-(iii).

While this ninety-day removal period takes place, ". . . the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title." 8 U.S.C. § 1231 (a)(2)(A). An alien may be detained beyond the ninety-day removal period if said alien is ". . . ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal . . ." 8 U.S.C. § 1231(a)(6). The Supreme Court of the United States further interpreted 8 U.S.C. § 1231(a)(6) to include detention beyond the ninety-day period if it is "reasonably necessary" to effectuate removal in *Zadvydas*. 533 U.S. 678; see also 8 U.S.C. § 1231(a)(6).

The Court in *Zadvydas* recognized six months as a presumptively reasonable time period to allow the government to accomplish removal under 8 U.S.C. § 1231(a)(6). *Zadvydas*, 533 U.S. at 701. The Eleventh Circuit has explained that a *Zadvydas* claim requires a two-part showing by the petitioner: "…an alien must show that: (1) he has been detained for more than six months following the final order of removal and (2) there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Vaz v. Skinner*, 634 F. App'x 778 (11th Cir. 2015); (*relying on Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir.2002)). Once

the petitioner has met his burden to show the two *Zadvydas* prongs, the burden shifts to the respondent to rebut that showing. *Zadvydas*, 533 U.S. at 701.

Petitioner's initial burden to show that he has been detained more than six months (i.e. *Zadvydas* prong one) is strictly construed to "…serve as a gatekeeping function to ensure that federal courts are not unnecessarily weighed down with hasty complaints by impatient illegal aliens who seek premature release back into American communities." *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1364 (N.D. Ga. 2002). This Court consistently held that a petitioner's detention period does not begin until ICE/ERO's most recent detention of the petitioner. *See J.A.S. v. Warden, Stewart Det. Ctr.*, No. 4:25-cv-244-CDL-CHW (M.D. Ga. filed Oct. 27, 2025), report and recommendation adopted, No. 4:25-cv-244-CDL-CHW (M.D. Ga. filed Dec. 31, 2025) (finding that Petitioner's Motion to Dismiss was premature because Petitioner failed to prove that he was detained for more than six months from the time of detainment to the time of filing his petition); *see also M.K. v. Warden, Stewart Det. Ctr.*, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Oct. 19, 2023), report and recommendation adopted, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Dec. 1, 2023) (reasoning that "[f]inding Petitioner's current detention presumptively unreasonable because of a period of detention occurring over eleven years ago would effectively eviscerate § 1231(a)'s purpose of allowing the Government time to arrange for an alien's removal, including contacting foreign consulates and obtaining necessary travel documents"); *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at *4 (M.D. Ga. Mar. 14, 2018) ("A strong argument exists that the *Zadvydas* removal period did not even begin until . . . Petitioner was returned to ICE custody after serving his criminal prison sentence.").

Petitioner's removal period did not begin until July 28, 2026, when Petitioner failed to file a timely appeal to the IJ's removal order. (Doc. 4-6 at 4). Petitioner filed his habeas Petition only

three days later, on July 31, 2026. (Doc. 1). The Eleventh Circuit has made it clear that the "six-month period… must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052 (affirming "dismissal without prejudicing [the petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted"). Petitioner would not be prohibited from filing a subsequent petition after the six-month period has elapsed, but case law indicates no alternative to dismissing his current petition as premature. Therefore, Petitioner fails to meet his burden of proof under the first *Zadvydas* prong to show that he has been detained over six months from the time of detainment to the time of filing his Petition.

## CONCLUSION

For the reasons discussed herein, it is **RECOMMENDED** that Petitioner's application for habeas corpus relief (Doc. 1) be **DENIED** and Respondent's Motion to Dismiss (Doc. 4) be **GRANTED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 11th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge